UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RAWLINS & RIVERA, INC. (FL); RAWLINS & RIVERA, INC. (GA); RYAN & REED, INC. (FL); RYAN & REED, INC. (GA); RRI, INC.; ROBERT W. BIRD; JANIS BRUST; JOE L. HUNT, SR.; JOE L. HUNT, JR.; and SHANNON HUNT,<br><br>Defendants. | Case No. 6:07-cv-146-Orl-18-KRS<br><br>PRELIMINARY INJUNCTION |

Plaintiff Federal Trade Commission ("FTC"), having filed, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), a Complaint for a permanent injunction and other equitable relief, including equitable monetary relief, and having moved for a Preliminary Injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and the Court, having considered the Complaint, declarations, exhibits, legal memoranda filed and the evidence presented by all parties, and after a hearing on March 15, 2007, finds that:

1. The Defendants are "debt collectors" collecting "debts" as those terms are defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*;

2. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C.

§§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), 57b, and 1692*l*;

3.   This Court has jurisdiction over all the parties hereto, and venue in this district is proper;

4.   The FTC has shown through affidavits, deposition testimony, and other evidence that it will likely prevail upon the merits in showing that Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird, individually; Janis Brust, individually and as an officer of RRI, Inc.; Joe L. Hunt, Sr., individually and as an officer of Rawlins & Rivera, Inc., a Florida corporation, and Rawlins & Rivera, Inc., a Georgia corporation; Joe L. Hunt, Jr., individually and as an officer of Rawlins & Rivera, Inc., a Florida corporation; and Shannon Hunt, individually and as an officer of Ryan & Reed, Inc., a Florida corporation, and Ryan & Reed, Inc., a Georgia corporation, have engaged in, and, without a preliminary injunction, are likely to continue to engage in, acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. § 1692 *et seq.*;

5.   The Court finds that an asset freeze is not necessary at this time to preserve the Court's ability to grant effective final equitable monetary relief for consumers. However, the Court finds that an Order prohibiting Defendants from dissipating assets is appropriate;

6.   Weighing the equities and considering the FTC's likelihood of ultimate success, the entry of this Preliminary Injunction and Order, based upon the Court's ruling at the conclusion of the Preliminary Injunction hearing, and agreed to and submitted jointly by the

parties, is in the public interest;

7. The Court also finds that the FTC also should be permitted limited expedited discovery against Defendants for the purposes of (a) ensuring that there is no dissipation of assets; (b) discovering the nature and location of documents reflecting the business transactions of the Defendants or their affiliates or subsidiaries; and (c) ensuring compliance with this Preliminary Injunction. Accordingly, a separate Order for Expedited Discovery, agreed to and submitted jointly by the parties, has been entered herewith; and

8. As an agency of the United States, the FTC need not post a security for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

**IT IS THEREFORE ORDERED AS FOLLOWS:**

**I.**

**DEFINITIONS**

For the purposes of this Order, the following definitions shall apply:

A. "Assets" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Defendants, or held for the benefit of any Defendants, wherever located, whether in the United States or abroad, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any trust held for the benefit of any Defendant, or any of the Individual Defendants' minor children, or spouse, and shall include both

3

existing assets and assets acquired after the date of entry of this Order.

B.  "Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

C.  "Document" or "Electronically Stored Information" is synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and includes:

1.  The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

2.  Any electronically stored information stored on any Blackberrys, flash drives, PDAs, desktop personal computer and workstations, laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another

4

company facility, or stored offsite by a third-party; and computers and related offline storage used by Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

D.  "Financial institution" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

E.  "Individual Defendants" means Robert W. Bird, individually; Janis Brust, individually and as an officer of RRI, Inc.; Joe L. Hunt, Sr., individually and as an officer of Rawlins & Rivera, Inc., a Florida corporation, and Rawlins & Rivera, Inc., a Georgia corporation; Joe L. Hunt, Jr., individually and as an officer of Rawlins & Rivera, Inc., a Florida corporation; and Shannon Hunt, individually and as an officer of Ryan & Reed, Inc., a Florida corporation, and Ryan & Reed, Inc., a Georgia corporation.

F.  "RRI Entities" means Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; and RRI, Inc., a Florida corporation; and their successors, assigns, affiliates, or subsidiaries.

## II.

## PROHIBITION AGAINST USE OF DECEPTION, MISREPRESENTATION, ABUSE AND HARASSMENT IN DEBT COLLECTION

**IT IS THEREFORE ORDERED** that in connection with the collection or attempted collection of any debt, Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; Joe L. Hunt, Jr.; and Shannon Hunt, and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, are hereby restrained and enjoined from, directly or indirectly:

A. Making, or assisting others in making, any false, deceptive or misleading representation of material fact, either expressly or by implication, orally or in writing, including, but not limited to, using any false, deceptive or misleading representation or means to collect or attempt to collect a debt or to obtain information concerning a consumer; or making any false, deceptive or misleading representation about the character, amount, or legal status of a debt, or any services rendered or compensation which may be lawfully received by any debt collector for collection of a debt; or making any false, deceptive or misleading representation that:

1. Defendants' collector is an attorney or working on behalf of an attorney who has reviewed the case and is preparing legal action against a consumer, or that

6

        a communication is from an attorney;

    2.     Defendants intend to take legal action against a consumer;

    3.     nonpayment of a debt will result in a consumer's arrest or imprisonment, or seizure, garnishment, or attachment of a consumer's property or wages;

    4.     consumers will be liable for Defendants' legal costs; or

    5.     Defendants will take any action that cannot legally be taken or that Defendants do not intend to take, such as filing a lawsuit;

B.     Communicating with third parties for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1962c(b);

C.     Communicating with a consumer after receiving written demand from the consumer to cease communications, in violation of Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(c);

D.     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to:

    1.     using obscene or profane language or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); and

7

2. causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the number called, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5);

E. Using any false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e; and

F. Continuing to attempt to collect the debt before providing verification of the debt to the consumer when the consumer has notified Defendants in writing within the thirty-day period pursuant to Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a), that the debt, or any portion thereof, is disputed, in violation of Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b).

## III.

## ASSET PRESERVATION

**IT IS FURTHER ORDERED** that:

A. Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; Joe L. Hunt, Jr.; and Shannon Hunt, and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal

service, facsimile, email, or otherwise, are hereby restrained and enjoined from, directly or indirectly, dissipating any funds, real or personal property, or other assets or any interest therein, wherever located, including any assets outside the territorial United States, that are:

1. in the actual or constructive possession of any Defendant; or

2. owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belong to, any Defendant; or

3. in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belong to, any corporation, partnership, trust or other entity directly or indirectly under the control of any Defendant;

*Provided* that:

(i) the RRI Entities are not enjoined from expending assets for reasonable and ordinary business expenses from any corporate bank accounts that previously have been identified to Plaintiff in subsection III.B.4, below; and

(ii) the Individual Defendants are not enjoined from expending assets for reasonable and ordinary living expenses from any personal bank accounts or funds that previously have been identified to Plaintiff in subsection III.B.4, below.

B. Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L.

9

Hunt, Sr.; Joe L. Hunt, Jr.; and Shannon Hunt shall prepare and deliver to counsel for the FTC:

1. Within five (5) business days following the service of this Order, a complete copy of federal income tax returns for 2005 that were filed by the RRI Entities and the Individual Defendants;

2. Within five (5) business days of filing, copies of federal income tax returns filed by the RRI Entities and the Individual Defendants for 2006;

3. Within five (5) business days following the service of this Order, a completed statement, verified under oath, of all payments, transfers, or assignments of funds, assets, or property worth $2,500 or more since February 1, 2007. Such statement shall include (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration received by the Defendant, *provided that* for fees and fee advances paid to a law firm that has filed an appearance in connection with the defense of this action, only information required by subsections (b) through (d) shall be required. *Further,* Defendants shall provide to counsel for the FTC on May 1, 2007, and on the first business day of every month thereafter, a statement, verified under oath, updating the information required under this subsection III.B.3; and

4. Within five (5) business days following the service of this Order, a list of all asset accounts and safe deposit boxes for which Defendants own, control,

10

have access to, have signatory authority over, or are associated with to any degree.

C. In addition to the above, defendant Robert W. Bird shall, within five (5) business days following the service of this Order, prepare and deliver to counsel for the FTC a completed statement, verified under oath, disclosing the combined sum of all "Trust Account" balances, as "Trust Account" is used in the rules regulating members of the Florida Bar, that he holds on behalf of or for the benefit of any client, and the nature and amount of all assets he holds on behalf of, or for the benefit of any other Defendant or related entity, or to which any other Defendant or related entity has access.

## IV.

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; Joe L. Hunt, Jr.; and Shannon Hunt, and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, are hereby restrained and enjoined from, directly or indirectly:

A. Destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, contracts, agreements, consumer

11

      files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Defendants' services, debt collection training materials, debt collection scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind, including electronically stored materials, that relate to the business practices or business or personal finances of the Defendants or other entity directly or indirectly under the control of the Defendants; and

B.    Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants.

V.

**DEFENDANTS' DUTY TO DISTRIBUTE ORDER**

**IT IS FURTHER ORDERED** that Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird;

12

Janis Brust; Joe L. Hunt, Sr.; Joe L. Hunt, Jr.; and Shannon Hunt shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor with responsibilities within the scope of this Order, agent, attorney, accountant, financial advisor, spouse, and representative of Defendants, and shall, within five (5) business days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that (a) confirms that Defendants have provided copies of the Order as required by this Paragraph; and (b) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, the RRI Entities and Individual Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with Defendants to disregard this Order or believe that they are not bound by its provisions.

## VI.

## CORRESPONDENCE WITH PLAINTIFF

For the purposes of this Order, all service on and correspondence to the FTC shall be addressed to: Peter W. Lamberton or Seena D. Gressin, Federal Trade Commission, 601 New Jersey Ave., N.W., Mail Drop NJ-3158, Washington, DC 20580. Telephone: Mr. Lamberton: (202) 326-3274; Ms. Gressin: (202) 326-2717. Facsimile: (202) 326-3768; email: plamberton@ftc.gov; sgressin@ftc.gov.

## VII.

### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any RRI Entity or Individual Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## VIII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this 6th day of April, 2007.

G. Kendall Sharp
Senior United States District Judge

14