# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

-vs-                                   **Case No.  6:07-cv-146-Orl-18KRS**

**RAWLINS & RIVERA, INC. (FL),
RAWLINS & RIVERA, INC. (GA),
RYAN & REED, INC. (FL), RYAN &
REED, INC. (GA), RRI, INC., ROBERT W.
BIRD, JANIS BRUST, JOE L. HUNT, SR.,
JOE L. HUNT, JR., SHANNON HUNT,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (Doc. No. 54)** |
| **FILED:** | **March 14, 2007** |

       Plaintiff Federal Trade Commission (FTC) filed a six count complaint against Defendants

Rawlins & Rivera Inc. (Fla.), Rawlins & Rivera, Inc. (Ga.), Ryan & Reed, Inc. (Fla), Ryan &

Reed, Inc. (Ga.), RRI, Inc., Robert W. Bird, Janis Brust,  Joe L. Hunt Sr., Joe L. Hunt Jr., and

Shannon Hunt. Doc. No. 1.  Count One alleges violations of the Federal Trade Commission Act

(FTCA), 15 U.S.C. § 41, *et seq.*; and Counts Two through Six allege violations of the federal Fair

Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* The complaint seeks injunctive and other equitable relief, including relief to consumers resulting from "violations of the [FTCA] and the FDCPA, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains by Defendants." Doc. No. 1 Prayer for Relief. The defendants answered, and pleaded ten affirmative defenses. Doc. No. 17.

The FTC now asks the Court to strike, in whole or part, all ten of the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Doc. No. 54. The defendants oppose the motion. Doc. No. 61.

## I.     STANDARD OF REVIEW.

Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c), which provides that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter constituting an avoidance or affirmative defense."

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'[S]triking a pleading . . . is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir.1962) (quoting *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). However, if appropriate, a motion to strike should be granted "in order to avoid unnecessary time and money in litigating invalid, spurious issues." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

It is inappropriate to resolve disputed factual issues on a motion to strike. *Augustus*, 306 F.2d at 868. Furthermore, courts should not "determine disputed and substantial questions of law upon a motion to strike" absent a showing of prejudicial harm to the moving party. *Id*. Striking an affirmative defense is appropriate only where the defense is insufficient as a matter of law. *Anchor Hocking*, 419 F. Supp. at 1000. "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id*. (internal citations omitted); *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla.1995) (holding that an affirmative defense is insufficient as a matter of law "if it appears that the defendant cannot succeed under any set of facts which it could prove"). Also, the court should keep in mind that "the defendant should be encouraged to plead a defense affirmatively if there is any doubt as to his ability to put the matter in issue under a denial." 5 Wright & Miller, *Federal Practice and Procedure* § 1278, at 689.

## II.   ANALYSIS.

The FTC seeks to strike entirely the defendants' First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses, and to limit the Fourth Affirmative Defense to Counts Two through Six of the Complaint (and thus strike it as to Count One).

### A.   *First Affirmative Defense.*

The First Affirmative Defense raised the statute of limitations and laches. Doc. No. 17 at 10. The defendants concede that this defense is inappropriate. Doc. No. 61 at 3 n.1.

B.      *Second and Fifth Affirmative Defenses.*

The Second Affirmative Defense is "that a substantial percentage of Defendants' collection activities do not concern 'debts' as defined by 15 U.S.C. § 1692a(5) and, as such, are not covered by the Fair Debt Collection Practices Act." Doc. No. 17 at 10.

The Fifth Affirmative Defense is "that many of the collection efforts engaged in by the Corporate Entities and Mr. Bird are strictly commercial in nature and do not involve 'consumers.'" *Id*. at 11.

As to Counts Two through Six, these affirmative defenses arguably duplicate the denials made in the answer. Nevertheless, because the matters raised in these affirmative defenses are at issue, however raised, there is no prejudice to the FTC by declining to strike the affirmative defenses. Whether these defenses are applicable to Count One is a question of law better considered after development of the facts. Therefore, these defenses should not be stricken at this time.

C.      *Third, Seventh, and Eighth Affirmative Defenses.*

The Third Affirmative Defense is that "a court may only order redress to consumers for monies paid or where a consumer has paid more than that which is owed." Doc. No. 17 at 11.

The Seventh Affirmative Defense is that "a court does not have authority order rescission of contracts in these circumstances (contrary to the FTC's demand for judgment)." *Id*. at 13.

The Eighth Affirmative Defense is that "a court may not order refunds of funds remitted to Defendants' creditor clients for debts actually due." *Id*.

These defenses all contend that some of the relief sought by the FTC could not be granted, and thus raise primarily legal questions regarding remedies. The nature and scope of the equitable

remedies that may be appropriate in the event the Court finds the defendants liable is inherently a fact-specific inquiry that is not appropriately resolved on a motion to strike. Therefore, these defenses should not be stricken at this time.

D.     *Sixth Affirmative Defense.*

The Sixth Affirmative Defense is that "Mr. Bird is not part of a common enterprise, as alleged, in that his work was undertaken as counsel and as an independent contractor." *Id*.

The FTC argues that this defense is redundant with denials in the answer and legally insufficient because, even assuming Bird worked as counsel and an independent contractor, he may still be bound by any injunctive relief. In support of this contention, the FTC cites cases where persons were enjoined from violating of the FTCA, and where corporate officers or other principals were assessed liability for conduct that violated the FTCA or the FDCPA. Doc. No. 54 at 13 (citing *FTC v. Affordable Media*, 179 F.3d 1228, 1234 (9th Cir. 1999); *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 470 (11th Cir. 1996); *FTC v. Amy Travel Servs., Inc.*, 875 F.2d 564, 573-74 (7th Cir. 1989); *In re Nat'l Credit Mgmt. Group, LLC*, 21 F. Supp. 2d 424, 461 (D.N.J. 1998); *United States v. Trans Continental Affiliates*, No. c-95-1627-JLQ, 1997 WL 26297 (N.D. Cal. Jan. 8, 1997)).

It is premature to consider the potential scope of an injunctive relief order that may be issued by the Court in this case. Accordingly, whether Mr. Bird would be subject to such an order, if one were entered, is a legal and factual decision that is not ripe for disposition. Therefore, this defense should not be stricken at this time.

     *E.     Ninth and Tenth Affirmative Defenses.*

     The Ninth Affirmative Defense is that "Counts Two through Six of the Complaint fail to state a claim upon which relief can be granted."  Doc. No. 17 at 12.

     The Tenth Affirmative Defense is that "the Complaint fails to state a claim for injunctive relief."  *Id.*

     The FTC argues that it has stated a claim for which relief can be granted.  The defendants argue that such a determination is premature.

     Federal Rule of Civil Procedure 12(b) provides that all defenses must be made in the responsive pleading, but that some defenses, including failure to state a claim upon which relief can be granted, "may at the option of the pleader be made by [pre-answer] motion."  Inasmuch as the Federal Rules gives the party asserting the defense the option of pleading failure to state a claim by answer or by pre-answer motion, the defendants cannot be faulted for electing to assert the defense in their answer.  Because the defendants have not sought resolution of these questions by pre-answer motion, the questions are better reserved for consideration later in the proceedings.

     *F.     Fourth Affirmative Defense.*

     The Fourth Affirmative Defense is that "any violation of the [FDCPA] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. § 1692k(c)."  Doc. No. 17 at 11.

     The FTC argues that this defense is inapplicable to the violations of the FTCA alleged in Count One, and therefore the defendants should be barred from raising it as to Count One.  Doc. No. 54 at 2 n.1.  The FTC does not dispute that the affirmative defense may be applicable to the other counts in the complaint.  Accordingly, because the matters underlying the affirmative

defense will remain in issue, an order striking the defense as to one count of the Complaint is not appropriate.  Therefore, this defense should not be stricken at this time.

**III.     RECOMMENDATION**.

Based on the foregoing, I respectfully recommend that Plaintiff's Motion to Strike Defendants' Affirmative Defenses, doc. no. 54, be **GRANTED in part**, and that the First Affirmative Defense be stricken.  I recommend that the motion be **DENIED** in all other respects.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 24, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy