UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RAWLINS & RIVERA, INC. (FL); RAWLINS &<br>RIVERA, INC. (GA); RYAN & REED, INC.<br>(FL); RYAN & REED, INC. (GA); RRI, INC.;<br>ROBERT W. BIRD; JANIS BRUST; JOE L.<br>HUNT, SR.; JOE L. HUNT, JR.; and SHANNON<br>HUNT,<br><br>Defendants. | Case No. 6:07-cv-146-Orl-18-KRS<br><br>[proposed] STIPULATED ORDER<br>FOR PERMANENT INJUNCTION<br>AND OTHER EQUITABLE<br>RELIEF |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), commenced this

action on January 31, 2007, by filing its Complaint for injunctive and other equitable relief

against defendants Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a

Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia

corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.;

Joe L. Hunt, Jr. (collectively, "Defendants"), and Shannon Hunt, who subsequently was

dismissed as a defendant. The Complaint, filed pursuant to Section 13(b) of the Federal

Trade Commission Act ("FTC ACT"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), alleged that Defendants

engaged in deceptive and abusive debt collection practices in violation of Section 5(a) of the

FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. § 1692 *et seq.* The FTC and each of

the Defendants hereby agree to entry of this Stipulated Order for Permanent Injunction and

Other Equitable Relief ("Order") to resolve all matters of dispute between them in this action. Defendants Janis Brust, Joe L. Hunt, Sr., and Joe L. Hunt, Jr. enter into this Order in their individual capacities and as officers or former officers of the corporate defendants; defendant Robert W. Bird enters into this Order in his individual capacity.

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), 57b, and 1692*l*. This action arises under 15 U.S.C. §§ 45(a) and 1692*l*.

2.      Venue in the Middle District of Florida is proper under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

3.      The debt collection activities of Defendants, as alleged in the Complaint, are in or affecting "commerce," as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The Complaint states a claim upon which relief may be granted against Defendants under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. § 1692 *et seq.*

5.      Defendants have entered into this Order freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them. Nothing in this Order constitutes nor shall be construed as an admission of any fact, except for jurisdictional facts, or a finding that any law has been violated.

6.      The FTC and Defendants stipulate and agree to entry of this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters of dispute

2

arising from the conduct alleged in the Complaint to the date of entry of this Order.

7.      Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendants further waive and release any claim they may have against the FTC, its employees, representatives, or agents.

8.      Defendants agree that this Order does not entitle them to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and further waive any right to attorneys' fees that may arise under said provision of law.

9.      This action and the relief awarded herein are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

10.     Entry of this Order is in the public interest.

## I.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.      "Assisting others" means providing any of the following goods or services to any person or entity engaged in debt collection activities: (a) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any debt collection scripts or any other debt collection materials, including, but not limited to, debt collection marketing materials; (c) performing debt collection or debt collection marketing services of any kind; or (d) acting as an officer or director of a business entity that engages in

3

debt collection activities.

2.      "Debt collection activity(ies)" means any activity the principal purpose of which is to

collect, or attempt to collect, directly or indirectly, debts owed. or asserted to be owed, or

due, regardless of whether collection of the debt is governed by the FDCPA.

3.      "FDCPA-covered debt collection activity(ies)" means any debt collection activity

that is governed by the FDCPA.

4.      "Individual Defendant(s)" means Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and

Joe L. Hunt, Jr.

II.

## PROHIBITION AGAINST USE OF DECEPTION, MISREPRESENTATION, ABUSE AND HARASSMENT IN DEBT COLLECTION

**IT IS THEREFORE ORDERED** that:

A.      In connection with any debt collection activity, defendants Rawlins & Rivera, Inc., a

Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a

Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida

corporation; Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr.; and any

person or entity through which they do business, and their successors, assigns, officers,

agents, servants. employees, attorneys, and those other persons or entities in active concert or

participation with them who receive actual notice of this Order by personal service or

otherwise, are hereby permanently restrained and enjoined from making, or assisting others

in the making of, expressly or by implication, orally or in writing, any false or misleading

statement or representation of material fact, including, but not limited to, any false or

4

misleading representation:

1.      about the character, amount, or legal status of any debt;

2.      about any services rendered or compensation that may be lawfully received by any debt collector for collection of a debt;

3.      that Defendants' collector is an attorney or working on behalf of an attorney who has reviewed the case and is preparing legal action against a consumer, or that a communication is from an attorney;

4.      that the consumer will be liable for Defendants' legal costs;

5.      that the consumer can be arrested or imprisoned for failing to pay Defendants;

6.      that if the consumer does not pay Defendants, Defendants can or will take formal legal action against the consumer, such as filing a lawsuit, seizing or attaching property, or garnishing wages, when Defendants, at the time of the representation, cannot establish through objective evidence their intent, legal capacity, and contractual authority to take such action;

7.      that if the consumer does not pay Defendants, Defendants can and will take actions that will have a significant adverse effect on the consumer's credit report; or

8.      that the consumer has a legal obligation to pay Defendants, where the consumer may not have such a legal obligation due to the operation of the applicable statute of limitations, other state law, or federal law, including federal bankruptcy law.

B.      In connection with any FDCPA-covered debt collection activity (including, but not

5

limited to, debt collection activity in connection with student loans and bail bond

obligations), defendants Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera,

Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a

Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L.

Hunt, Sr.; and Joe L. Hunt, Jr., and any person or entity through which they do business, and

their successors, assigns, officers, agents, servants, employees, attorneys, and those other

persons or entities in active concert or participation with them who receive actual notice of

this Order by personal service or otherwise, are hereby permanently restrained and enjoined

from, directly or indirectly, expressly or by implication, orally or in writing, violating, or

assisting others in violating, the FDCPA, 15 U.S.C. § 1692 *et seq.*, by any means, including,

but not limited to:

    1.    communicating with third parties for purposes other than acquiring location

information about a consumer, without having obtained directly the prior consent of

the consumer or the express permission of a court of competent jurisdiction, and

when not reasonably necessary to effectuate a post-judgment judicial remedy, in

violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1962c(b);

    2.    communicating with a consumer after receiving written demand from the

consumer to cease communications, in violation of Section 805(c) of the FDCPA, 15

U.S.C. § 1692c(c);

    3.    engaging in conduct the natural consequence of which is to harass, oppress, or

abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d,

6

including, but not limited to:

      a.     using obscene or profane language or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); and

      b.     causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the number called, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5);

4.     using any false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e; and

5.     continuing to attempt to collect a debt before providing verification of the debt to the consumer when the consumer has notified Defendants in writing within the thirty-day period pursuant to Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a), that the debt, or any portion thereof, is disputed, in violation of Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b).

7

III.

## IMPLEMENTATION OF REASONABLE PROCEDURES TO RECEIVE AND RESPOND TO COMPLAINTS

**IT IS FURTHER ORDERED** that defendants Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr., their officers, agents, servants, employees, and attorneys, and all persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device:

A.      In connection with any debt collection activity, except activity to settle accounts with Defendants' own clients, shall implement and maintain reasonable procedures, for a period of five (5) years from the date of entry of this Order, to receive complaints about conduct related to this Order or the FDCPA, and to take affirmative steps to review and respond to such complaints, including, but not limited to:

  1.      providing and maintaining a toll-free telephone number – which must be available to accept complaints, at a minimum, from 9:00 A.M. to 5:00 P.M. Eastern Time, Monday through Friday, – and a mailing address to receive such complaints;

  2.      promptly and fully investigating each such complaint and taking all necessary steps to cease, resolve, and cure any Order or FDCPA violations;

  3.      taking reasonable corrective action as to any employee or independent

8

Case 6:07-cv-00146-GKS-KRS     Document 76-2     Filed 01/11/2008     Page 9 of 29

contractor whom Defendants determine is not complying with this Order or the FDCPA, including training, disciplinary action, or termination, depending on the severity of the conduct and the recurring nature of violations;

4.       creating and maintaining records documenting each such complaint; steps taken to investigate, cease any Order or FDCPA violations, and resolve and cure each such complaint; and any corrective action taken.

B.       In connection with the procedures set forth in Subparagraph A, are permanently restrained and enjoined from:

1.       discouraging consumers or third parties through threats or in any other way, including through live or recorded oral statements or written notices, from submitting complaints;

2.       hindering or discouraging consumers' or third parties' ability to submit complaints, including, but not limited to, requiring that complaints be submitted in a specified manner (*e.g.* by certified mail or by a specified carrier), requiring complainants to navigate a complicated or time-consuming telephone tree, or leaving complainants on hold for extended periods of time;

3.       in connection with telephone calls initiated by consumers to the toll-free telephone number established pursuant to Subparagraph A.1, engaging in any debt collection activity during that telephone call; or

4.      taking any retaliatory action against any complainant in response to a

complaint.

## IV.

## NOTICE REQUIREMENTS

**IT IS FURTHER ORDERED** that defendants Rawlins & Rivera, Inc., a Florida

corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida

corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation;

Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr., their officers, agents,

servants, employees, and attorneys, and all persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal service or

otherwise, whether acting directly or through any business entity, corporation, subsidiary,

division, affiliate, or other device, in connection with any FDCPA-covered debt collection

activity (including, but not limited to, debt collection activity in connection with student

loans and bail bond obligations), shall, for a period of five (5) years from the date of entry of

this Order:

A.      Make the following disclosure clearly and conspicuously on each written collection

communication that is sent to a consumer:

> This company must comply with a federal law that provides
> consumers with certain rights. One of these is the right to have
> us stop communicating with you about this debt. If you write
> to us and ask us to stop communicating with you about this
> debt, we will. But if you owe this debt, you will still owe it
> and, under the law, we may still contact you for two reasons:

- To advise you that we intend to pursue specific remedies permitted by law; or

- To advise you that our efforts are being terminated.

If you have a complaint about the way we are collecting this debt, please write to us at [current address] or call us toll-free at [current phone number] between 9:00 A.M. and 5:00 P.M. Eastern Time, Monday through Friday.

This law is enforced by the Federal Trade Commission. You may write to the Federal Trade Commission, Consumer Response Center, 600 Pennsylvania Ave., N.W., Washington, D.C. 20580, about the way we are collecting this debt. You also can contact the FTC online at *www.ftc.gov*, or call the FTC at 1-877-FTC-HELP.

The above disclosure shall be given in the languages that appear in such communications sent to consumers. The disclosure shall be given in addition to, and not in lieu of, all notices required by the FDCPA, including the notices required by Sections 807(11) and 809(a) of the FDCPA, 15 U.S.C. §§ 1692e(11) and 1692g(a).

B.      Provide a copy of the following notice to all officers, servants, agents, and employees having responsibility with respect to the collection of debts, within thirty (30) days of entry of this Order, and to each employee hired for a period of five (5) years after that date, no later than the time the employee assumes responsibility with respect to the collection of debts, and secure from each such person a signed statement acknowledging receipt of a copy of the notice:

Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits your activities in trying to collect money from consumers. Among other prohibited debt collection activities, Section 806 of the Act prohibits you

11

from harassing, oppressing, or abusing a person, including, but
not limited to, using obscene or profane language. Section 807
of the Act prohibits you from using any false, deceptive, or
misleading representation or means to collect a debt, including,
but not limited to, falsely representing or implying that any
action, including legal action, will be taken against a consumer.
Section 805 of the Act prohibits you from communicating with
third parties for purposes other than acquiring location
information about a consumer and from contacting a consumer
at work if you know or should know that the consumer's
employer prohibits the consumer from receiving such
communications. Individual debt collectors may be financially
liable for their violations of the Act.

## V.

## MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.     Judgment is hereby entered against defendants Rawlins & Rivera, Inc., a Florida

corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida

corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation;

Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr., jointly and severally, in

the amount of Three Million Four Hundred Thousand Dollars ($3.4 million), for equitable

monetary relief. All funds collected by the FTC in satisfaction of this judgment shall be paid

to the United States Treasury as an equitable disgorgement remedy, *provided, however,* that

the FTC may propose to the Court a distribution plan for consumer redress at any time after

entry of this Order. Defendants shall have no right to object to the manner or contents of any

such proposed distribution plan. This judgment shall be suspended, subject to the provisions

of Paragraph VI, upon completion of the requirements of Subparagraphs C through H of this

12

Paragraph.

B.     For the purposes of this Paragraph, the following definitions shall apply:

    1.     The "Property" means a 65-acre property on Black Lake Road in Osteen,
Florida, owned by defendants Joe Hunt, Sr. ("Hunt Sr.") and Janis Brust ("Brust"),
identified in the records of the Volusia County (FL) Property Appraiser's Office as
Full Parcel ID 05-19-32-00-00-0220.

    2.     The "Lender" means Peoples First Community Bank, P.O. Box 59950,
Panama City, FL 32412-0950.

    3.     "Net Proceeds" means all monies received by defendants Hunt Sr. and Brust
from the sale, auction, foreclosure, or other transfer of all interests in the Property in
excess of the sum of:  (a) the balance of the mortgage on the Property; (b) any
reasonable and customary brokerage fees, commissions, and closing costs that
defendants Hunt Sr. and Brust incur as a result of the transfer of all interests in the
Property, *provided that* all such reasonable and customary closing costs must first be
approved by counsel for the FTC, which approval shall not be unreasonably withheld;
and (c) the estimated federal and state capital gains tax liability that defendants Hunt
Sr. and Brust incur as a result of the transfer of all interests in the Property.

C.     Within seven (7) business days after the date of entry of this Order, defendants Hunt
Sr. and Brust shall take specific steps, as set forth below, to sell all interests in the Property,
and to transfer to the FTC the Net Proceeds from the sale:

    1.     Defendants Hunt Sr. and Brust shall place the Property on a multiple listing,

and shall continue to list the Property on a multiple listing for no fewer than nine (9) months after the date of entry of this Order, or until the Property is sold pursuant to this Subparagraph C.

2.      Defendants Hunt Sr. and Brust shall not further encumber the Property beyond the current balance (approximately $138,000) of the first mortgage in favor of the Lender.

3.      Defendants Hunt Sr. and Brust shall not, without written authorization from counsel for the FTC, list the Property for less than $425,000 or accept any offer to purchase all interests in the Property for less than $425,000.

4.      Defendants Hunt Sr. and Brust shall notify counsel for the FTC of the amount of any offer to purchase the Property within two (2) business days of each such offer, and the name(s) and address(es) of all person(s) or entity(ies) making such offer, and FTC counsel shall make reasonable efforts to respond to such notification in a timely manner.

5.      Defendants Hunt Sr. and Brust may make any reasonable and necessary repairs, upon written authorization from counsel for the FTC, to prepare the Property for sale.

6.      Defendants Hunt Sr. and Brust shall provide to counsel for the FTC as soon as possible, and in any event not later than two (2) weeks prior to the closing date for the sale of the Property: (a) a copy of the executed contract relating to the proposed sale; (b) written notice of the closing date; (c) contact information for the closing agent,

14

including the name, address, and telephone number of the individual closing agent;
and (d) a copy of the proposed settlement statement to be used at closing.

7.    Defendants Hunt Sr. and Brust shall provide to counsel for the FTC, within
two (2) business days of closing, a copy of the final HUD-1 settlement statement for
the Property.

8.    If, after nine (9) months from the date of entry of this Order, all interests in
the Property have not been sold, defendants Hunt Sr. and Brust shall immediately
retain an auction company and direct it to sell all interests in the Property at a public
auction, *provided that*:  (a) defendants Hunt Sr. and Brust first obtain from counsel
for the FTC written approval of the auction company and of the terms that Hunt Sr.
and Brust establish for the auction, which approval shall not be unreasonably
withheld; and (b) the Property shall not be sold at auction for any amount less than
the balance of the mortgage on the Property.

9.    If an auction is held and the Property is not sold, defendants Hunt Sr. and
Brust shall immediately permit the Lender to foreclose on Property or, within ten (10)
business days after the auction, otherwise transfer all interests in the Property to the
Lender.

10.    Within ten (10) business days of the transfer of all interests in the Property,
defendants Hunt Sr. and Brust shall provide counsel for the FTC with: (a) proof of
such transfer, including the amount paid for the Property; (b) in the event of a sale or
auction, proof of payment to the Lender of the balance of the mortgage; (c) proof of

15

payment by defendants Hunt Sr. and Brust of any reasonable and customary brokerage fees, commissions, and closing costs; and (d) an estimate of the federal and state capital gains tax liability that defendants Hunt Sr. and Brust incurred as a result of the transfer.

11.     Within ten (10) business days of the transfer of all interests in the Property, defendants Hunt Sr. and Brust shall transfer to the FTC by electronic funds transfer the Net Proceeds of the sale, auction, foreclosure, or other transfer of the Property.

D.     Within twelve (12) months of the date of the sale, auction, foreclosure, or other transfer of the Property, defendants Hunt Sr. and Brust shall:  (1) declare on their federal and state tax returns all capital gains tax liabilities they incurred as a result of the transfer; (2) provide counsel to the FTC with complete copies of all federal and state tax returns, amended returns, and supporting documents they filed in which they declared the capital gains tax liabilities they incurred; and (3) transfer to the FTC by electronic funds transfer an amount equal to the surplus, if any, of their estimated federal and state capital gains tax liability for the transfer of the Property, as described in Subparagraph V.C.10(d), over the actual federal and state capital gains taxes that they incurred.

E.     If the Lender declares Hunt Sr. or Brust in default of their mortgage with respect to the Property and forecloses on the Property as a result of the $3.4 million judgment herein, Defendants shall be deemed in compliance with Subparagraph C of this Paragraph *provided that*:  (1) Defendants have taken no action to precipitate the declaration of default by the Lender; (2) Defendants, at the time of the declaration of default, are current in all their

16

mortgage, tax, and insurance payments for the Property, and have in all other ways complied with their obligations under their mortgage and Promissory Note(s), and any modification agreements pertaining thereto; (3) Defendants have attempted in good faith to cure any default cited by the Lender; and (4) Defendants have transferred to the FTC all monies received for the Property following any foreclosure sale of the Property by the Lender.

F.      Defendants shall cooperate fully with the FTC and its agents in all attempts to collect the amount due pursuant to this Paragraph V if Defendants fail to pay the full amount due at the time specified herein.  In such an event, Defendants agree to provide the FTC with their federal and state tax returns for the preceding two (2) years, and to complete new financial disclosure forms fully and accurately within ten (10) business days of receiving a request from the FTC to do so.  Defendants further authorize the FTC to verify all information provided in their financial disclosure forms with all appropriate third parties, including, but not limited to, financial institutions.

G.      To the extent not already provided, Defendants, in accordance with 31 U.S.C. § 7701, are hereby required to furnish to the FTC their tax identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

H.      For purposes of collecting this judgment, Defendants waive any right to contest any of the allegations in the Complaint and agree that the facts as alleged in the Complaint shall be taken as true, without further proof, in any subsequent litigation filed by or on behalf of the FTC to collect this judgment, including, but not limited to, a nondischargeability

17

Complaint in any bankruptcy proceeding.

## VI.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that the FTC's agreement to this Order, suspending

the $3.4 million judgment upon Defendants' completion of the requirements of

Subparagraphs C through H of Paragraph V, is expressly premised upon the truthfulness,

accuracy and completeness of the financial statements, and the attachments thereto, that

Defendants submitted to the FTC, namely those of Rawlins & Rivera, Inc., a Florida

corporation, dated October 5, 2007; Rawlins & Rivera, Inc., a Georgia corporation, dated

October 5, 2007; Ryan & Reed, Inc., a Florida corporation, dated October 5, 2007; Ryan &

Reed, Inc., a Georgia corporation, dated October 5, 2007; RRI, Inc., a Florida corporation,

dated October 5, 2007; Robert W. Bird, dated October 5, 2007; Janis Brust, dated October 7,

2007; Joe L. Hunt, Sr., dated October 5, 2007; and Joe L. Hunt, Jr., dated October 5, 2007.

These financial statements contain material information upon which the FTC relied in

negotiating and agreeing to this Order. If, upon motion by the FTC, this Court finds that any

Defendant failed to disclose any material asset or materially misstated the value of any asset

in the financial statements described above, or made any other material misstatement or

omission in the financial statements described above, the Court shall enter judgment in the

amount of $3.4 million against said Defendant, less any amounts previously paid by

Defendants to the FTC, *provided, however, that:* (1) in all other respects this Order shall

remain in full force and effect unless otherwise ordered by the Court; and (2) proceedings

18

instituted under this Paragraph would be in addition to, and not in lieu of, any other civil or

criminal remedies as may be provided by law, including any other proceedings that the FTC

may initiate to enforce this Order.

## VII.

## MAINTENANCE OF CONSUMER FILES

**IT IS FURTHER ORDERED** that for each Eligible Consumer, as defined below,

and the creditor to whom the Eligible Consumer owes or owed a debt, Defendants shall

maintain for a period of not less than two (2) years from the date of entry of this Order, and

shall make available to the FTC within ten (10) business days of receipt of written notice

from a representative of the FTC, all account information in their possession, control, or

custody including:  (1) the Eligible Consumer's name, most recent known address, telephone

number, and total debt amount subject to collection; (2) the creditor's name, most recent

known address, and telephone number; and (3) the date and amount of any payment(s)

received by Defendants for the Eligible Consumer's debt; and (4) the date and amount of any

monies disbursed by Defendants to the creditor for the Eligible Consumer's debt.  For

purposes of this Paragraph, "Eligible Consumer" means any person or entity that made a

payment to Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia

corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia

corporation; or RRI, Inc., a Florida corporation, between January 1, 2005, and the date of

entry of this Order, in connection with a debt.

19

## VIII.

### RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of

entry of this Order, defendants Rawlins & Rivera, Inc., a Florida corporation; Rawlins &

Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed,

Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust;

Joe L. Hunt, Sr.; and Joe L. Hunt, Jr., their officers, agents, servants, employees, and all

other persons or entities within the scope of Federal Rule of Civil Procedure 65, and all

persons or entities in active concert or participation with any of them who receive actual

notice of this Order by personal service or otherwise, whether acting directly or through any

business entity, corporation, subsidiary, division, affiliate, or other device, in connection with

any business where any Defendant is the majority owner of the business or directly or

indirectly manages or controls the business, and where the business engages in debt

collection activity, are hereby restrained and enjoined from failing to create and retain the

following records:

A.      Accounting records that reflect the dollar amount of each debt subject to collection,

revenue generated by the collection of debts, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, and telephone number of

each person employed in any capacity by such business, including as an independent

contractor; that person's job title or position; the date upon which the person commenced

work; and the date and reason for the person's termination, if applicable;

20

C.    Collection account files containing the consumer and creditor names, addresses, telephone numbers, dollar amounts of debt owed, records of collection activity, collector notes, amounts collected, and amounts disbursed to creditors;

D.    For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

    1.    any complaint and the date received, and the nature of any complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

    2.    the basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer; Defendants' response to the complaint and the response date, whether the complaint was resolved, the date of the resolution; and any action taken to correct alleged conduct that violated the FTC Act and/or the FDCPA;

E.    Copies of all debt collection scripts, debt collection letters, sales scripts, sales and debt collection training materials, advertisements or other marketing materials, and client contracts;

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order and the FDCPA, required by Paragraph XI, and all reports submitted to the FTC

pursuant to Paragraph X; and

G.     All records created pursuant to Paragraphs III and IV.

## IX.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.     Within ten (10) days of receipt of written notice from a representative of the FTC, defendants Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr. each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation, *provided that* Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Fed. R. Civ. P. 26(c);

B.     In addition, the FTC is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

22

       2.      posing as consumers and suppliers to: Defendants, Defendants' employees, or any other entity managed or controlled in whole or in part by Defendants, without the necessity of identification or prior notice;

C.      Defendants shall permit representatives of the FTC to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present;

       *Provided, however,* that nothing in this Order shall limit the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## X.

### COMPLIANCE REPORTING BY DEFENDANTS

       **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.      For a period of five (5) years from the date of entry of this Order,

       1.      Individual defendants Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr. each shall notify the FTC of the following:

              a.      Any changes in the residence, mailing addresses, and telephone numbers of the Individual Defendant, within ten (10) days of the date of such

change;

b.      Any changes in the employment status (including self-employment) of the Individual Defendant, and any change in the ownership of the Individual Defendant in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that the Individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the Individual Defendant's duties and responsibilities in connection with the business or employment; and

c.      Any changes in the Individual Defendant's name or use of any aliases or fictitious names; and

2.      Defendants shall notify the FTC of any changes in the corporate structure of defendants Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; and RRI, Inc., a Florida corporation, or in any business entity that any Individual Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or

24

address, at least thirty (30) days prior to such change, *provided that*, with respect to any proposed change in the corporation about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, the Defendant shall notify the FTC as soon as is practicable after obtaining such knowledge.

B.      One hundred eighty (180) days after the date of entry of this Order, defendants Rawlins & Rivera, Inc., a Florida corporation; Rawlins & Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed, Inc., a Georgia corporation; RRI, Inc., a Florida corporation; Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr. each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which the Defendant has complied and is complying with this Order. This report shall include, but not be limited to:

1.      For individual defendants Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr.:

a.      The then-current residence address, mailing addresses, and telephone numbers of the Individual Defendant;

b.      The then-current employment and business addresses and telephone numbers of the Individual Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of the Individual Defendant, for each such employer or business; and

c.      Any other changes required to be reported under Subparagraph A of this Paragraph.

25

    2.    For all Defendants:

        a.    A copy of each acknowledgment of receipt of this Order and the

FDCPA, obtained pursuant to Paragraph XI; and

        b.    Any other changes required to be reported under Subparagraph A of

this Paragraph.

C.    For the purposes of this Order, Defendants shall, unless otherwise directed by the

FTC's authorized representatives, mail all written notifications to the FTC to:

        Associate Director for Enforcement
        Federal Trade Commission
        600 Pennsylvania Avenue, N.W.
        Washington, DC 20580
        Re: *FTC v. Rawlins & Rivera, et al.,* Civ. No. 6:07-cv-146-Orl-18-KRS

D.    For purposes of the compliance reporting and monitoring required by this Order, the

FTC is authorized to communicate directly with any of the Defendants.

XI.

**DISTRIBUTION OF ORDER BY DEFENDANTS**

        **IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of

entry of this Order,

A.    Corporate defendants Rawlins & Rivera, Inc., a Florida corporation; Rawlins &

Rivera, Inc., a Georgia corporation; Ryan & Reed, Inc., a Florida corporation; Ryan & Reed,

Inc., a Georgia corporation; RRI, Inc., a Florida corporation, must deliver a copy of this

Order and the FDCPA to all of their principals, officers, directors, and managers. The

corporate defendants also must deliver copies of this Order to all of their employees, agents,

26

and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) business days of service of this Order. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.     For any business that individual defendant Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; or Joe L. Hunt, Jr. controls, directly or indirectly, or in which such Individual Defendant holds a majority ownership interest, such Individual Defendant shall deliver a copy of this Order and the FDCPA to all principals, officers, directors, and managers of that business. Individual defendants Robert W. Bird; Janis Brust; Joe L. Hunt, Sr.; and Joe L. Hunt, Jr. also must deliver copies of this Order and the FDCPA to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) business days of service of this Order upon such Individual Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.     For any business where any Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Individual Defendant must deliver a copy of this Order and the FDCPA to all principals and managers of such business before engaging in such conduct.

D.     Defendants each must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Paragraph.

27

## XII.

### ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days

after entry of this Order as entered by the Court, must submit to the FTC a truthful sworn

statement acknowledging receipt of this Order.

## XIII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter

for purposes of construction, modification and enforcement of this Order.


**SO STIPULATED:**

_____          _____

SEENA D. GRESSIN                   RAWLINS & RIVERA, INC. (FL), Defendant
PETER W. LAMBERTON                 By:  Joe L. Hunt, Sr., its president
KAREN E. HICKEY
Federal Trade Commission
Attorneys for Plaintiff

                                   _____

                                   RAWLINS & RIVERA, INC. (GA), Defendant
                                   By:  Joe L. Hunt, Sr., its president


                                   _____

                                   RYAN & REED, INC. (FL), Defendant
                                   By:  Joe L. Hunt, Sr., its president


28

RYAN & REED, INC. (GA), Defendant
By: Joe L. Hunt, Sr., its president

RRI, INC. (FL), Defendant
By: ~~Janis Brust, its~~ president
Joe Hunt

JOE L. HUNT, SR., Defendant

JOE L. HUNT, JR., Defendant

ROBERT W. BIRD, Defendant

JANIS BRUST, Defendant

JAMES V. ETSCORN, Esq.
BARRY L CUTLER, Esq.
Baker & Hostetler LLP
Counsel for Defendants

IT IS SO ORDERED, this ____ day of _____ , 200__

G. KENDALL SHARP
Senior United States District Judge

29